**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Arthur Berger,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Showcase Automotive Limited Partnership, doing business as Camelback Volkswagen, Camelback Volkswagen-Subaru, Camelback Subaru, Camelback Volkswagen Subaru Mazda, and Showcase Motors, Inc., the general partner of Showcase Automotive Limited Partnership,<br><br>　　　　Defendants. | No. CV-11-00468-PHX-NVW<br><br>**ORDER** |

　　　　Before the Court is Defendants' Rule 12(b)(1) Motion to Dismiss and Compel Arbitration. (Doc. 7.) On March 10, 2011, Plaintiff filed his complaint for damages against Defendants for "discrimination in the workplace based on race, religion and retaliation . . . under Title VII of the Civil Rights Act...and the Civil Rights Act of 1866 . . . ." (Doc. 1.) Defendants argue that this Court lacks subject matter jurisdiction over this matter because the parties agreed, in an arbitration agreement signed by Plaintiff, to "resolve by arbitration all statutory, contractual and common law claims or controversies, past, present or future, that arise out of or relate to [Plaintiff's] hiring, employment, or termination of employment by [Camelback Volkswagen Subaru Mazda.]" (Doc. 7-1.) Defendant has therefore asked this Court to "dismiss Plaintiff's Complaint with prejudice in its entirety[,]" order the parties to

arbitration under the terms of the parties' arbitration agreement, and award Defendants their attorneys' fees and costs under the arbitration agreement[1] or A.R.S. § 12-341.01. (Doc. 7.)

Plaintiff does not dispute Defendants' contention that all of the claims raised in his complaint are subject to the arbitration agreement. Indeed, Plaintiff does not oppose arbitration of his claims; rather, he simply opposes his complaint being dismissed "with prejudice in its entirety" and Defendants' request for attorneys' fees and costs. Plaintiff argues that it is more consistent with the Federal Arbitration Act, 9 U.S.C. § 3, and the "practice of the Judges of this District" for the Court to either stay this action pending the arbitration or dismiss the action without prejudice and retain jurisdiction to later confirm any award that might result from the arbitration. (Doc. 8.) Plaintiff further argues that an award of attorneys' fees is inappropriate under A.R.S. § 12-341.01 because Plaintiff's claims arise under federal statutory law, not state contract law, and untimely under the arbitration agreement because the propriety of any fee award is itself subject to arbitration.

Because Plaintiff does not oppose arbitration, Defendants' motion will be granted with respect to Defendants' request that the parties be ordered to arbitration in accordance with the terms of the arbitration agreement. As to the disposition of this matter, the Court agrees with Plaintiff that this action should be stayed pending the arbitration. *See Bushley v. Credit Suisse First Boston*, 360 F.3d 1149, 1153 n.1 (9th Cir. 2004) (endorsing Second Circuit's approach of staying action pending arbitration because "dismissal renders an order appealable . . . [and] unnecessary delay of the arbitral process through appellate review is disfavored"). Finally, the Court will refer Defendants' request for an award of attorneys' fees and costs in connection with this motion to the arbitrator for resolution.

---

[1] Paragraph 26 of the arbitration agreement provides: "Filing of Lawsuit: Either party may bring an action in any court of competent jurisdiction to compel arbitration under this Agreement. In the event a party files a lawsuit over a matter which is subject to arbitration under this Agreement, the other party shall give notice of the existence of this Agreement and if the lawsuit is not dismissed within ten (10) days receipt of that notice, the party filing the lawsuit shall be liable for any and all costs and attorneys' fees incurred in dismissing the lawsuit." (Doc. 7-1 at 7.)

1     IT IS THEREFORE ORDERED that Defendants' Rule 12(b)(1) Motion to Dismiss and Compel Arbitration (Doc. 7) is denied with respect to the request to dismiss this action with prejudice and granted with respect to the request to compel arbitration.

    IT IS FURTHER ORDERED that the parties are directed to arbitration of Plaintiff's claims in accordance with the terms of the parties' arbitration agreement.

    IT IS FURTHER ORDERED that this action is stayed pending the outcome of arbitration pursuant to 9 U.S.C. § 3 and further order of this Court.

    IT IS FURTHER ORDERED that the parties shall file a joint or separate status reports concerning the arbitration by November 10, 2011.

    DATED this 10th day of May, 2011.

_____
Neil V. Wake
United States District Judge